Nott, J.
The defendant in this case admitted that h§ employed plaintiff as counsel in his cause. It is not denied, that he consulted him frequently, that the plaintiff issued sub poenas for him and performed every other duty of attorney and counsellor, except arguing the cause at the trial. But arguing the cause is by no means an indispensible part ofa coun-sellor’s duty. It is not unusual to submit a cause to the court without argument, and still more usual, where more than one are employed, to leave the argument to one only of the number. The manner of managing a cause, in that respect, is a confidence which must, necessarily, be reposed in the counsel. And I should regret very much that it should be generally understood that a lawyer is not intitled to his fee without malting a speech, whether it be necessary to his clients cause or not. Neither do I think that the plaintiff was under voy obligation to inform the defendant that more than two counsel would not be permitted to argue his cause. It does not appear that the defendant did not know it. Mr. Goldthwaite might have been more convenient for him to apply to for advice, subpoenas, &c. than any other person. Indeed it did not follow that because two other gentlemen were employed that the arguing of the cause might not , have devolved on him. And it does not follow that he must lose his fee because it turned out otherwise*in the event. The services of a lawyer are not to be estimated by the length of his speech, nor the benefit to the client by the number of them. The short advice to keep out of court altogether would frequently be of more value to the client than a speech three hours long.
The second ground upon which the decree of the magistrate has been reversed is that the demand was above hisjuris-diction. But it will be observed that this was an action on a quantum meruit. The testimony was such as must be expected in such cases." The fee the witness said varied from fifteen to fifty dollars. The plaintiff charged twenty. He might have charged more. The magistrate might .have *298 given a decree for less. That the plaintiff might have charged fifty instead of twenty dollars, did not deprive the magistrate of jurisdiction. Suppose the action bad been for any article sold and delivered w thout any stipulated price would the magistrate have been ousted of jurisdiction if the witness had said it was worth twice as much as the plaintiff' had charged? It does not follow, because the plaintiff may have charged more, that he may not charge and recover less.
James J. Caldwell for the motion,
Pickens Butler contra.
The last ground is, because such claims should be carried before such a tribunal, only when absolutely necessary» I think in point of prudence the gentlemen of the bar should seldom appear as litigants in court, and particularly with their clients. But when they are driven to such necessity tfiey must go to the tribunal which hasjurisdiction of the matter» That does not appear to me to furnish any ground for reversing the decree of the magistrate.
I think the decision of the judge on the circuit must be reversed and the judgment of the magistrate affirmed.